ORIGINAL

# In the United States Court of Federal Claims

No. 18-500C
(Filed: July 18, 2018)

FILED

JUL 18 2018

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CRAIG ANDREW HENDRICKS,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

    Plaintiff, appearing *pro se*, filed his complaint on April 4, 2018, alleging that the Federal Bureau of Prisons' policy "restricting pornographic images" has harmed inmates and violates their Eighth Amendment right against cruel and unusual punishment. Compl. ¶ 1. Plaintiff seeks a change in prison policy to allow him to supply each inmate with an image-only publication. Defendant has moved to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff has not responded to the motion. We need not wait for a response, however, because it is clear from the face of the complaint that plaintiff has not alleged a claim over which this court has jurisdiction.

    While *pro se* plaintiffs are afforded latitude in their pleadings, we cannot excuse jurisdictional failings. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Jurisdiction is a threshold matter that the court may raise *sua sponte* at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); RCFC 12(h)(3).

    Our primary grant of jurisdiction is the Tucker Act, which authorizes us to "render judgment upon any claim against the United States founded

7016 3010 0000 4308 4713

either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The complaint "must contain a short and plain statement of the grounds for the court's jurisdiction" and "identify any basis for jurisdiction in this court" or it will be dismissed. *Brooker v. United States*, 107 Fed. Cl. 52, 57 (2012) (quoting *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). *See also* RCFC 8(a)(1). Because the Tucker Act does not create any substantive right that a plaintiff may enforce against the United States for money damages, plaintiff must identify a separate source of authority that mandates that he be paid money by the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976).

Plaintiff's complaint failed to identify a substantive source of law or contract mandating that the federal government pay plaintiff a sum of money. Instead, plaintiff offered an argument against current federal prison policy and requested a change in that policy. Plaintiff's request for "sexual relief" for all prisoners is not based on an action for money damages against the United States. Compl. ¶¶ 2.

It is also well established that this court lacks jurisdiction to entertain plaintiff's claim based upon an alleged violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *See, e.g., Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("the Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision.") (internal quotation marks and citations omitted). As such, the complaint does not meet the Tucker Act's requirement to establish jurisdiction in this court.

Further, we note that under the court's Rule 83.1(a)(3), a *pro se* plaintiff may not represent any other plaintiff outside of his own family. Here plaintiff seeks to represent an incarcerated friend and all federal prisoners who desire access to pornographic material. Compl. ¶ 2. Plaintiff must be a member of this court's bar to prosecute cases before the court. RCFC 83.1(a)(1)(B); *see also Fast Horse v. United States*, 101 Fed. Cl. 544, 548 (2011). Because he is not a member of this court's bar, he is unable to bring claims on behalf of any other party. Additionally, because plaintiff is not an inmate and his complaint alleges no injury to himself, his interests are not implicated beyond his offer to supply said material. It follows that plaintiff has failed to allege any facts that could provide him with standing to bring his claim. *See Warth v. Seldin*,

422 U.S. 490, 498-99 (1975) (plaintiff lacks standing where he has not "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction[.]").

In sum, plaintiff has not alleged any claims over which this court has jurisdiction. Accordingly, the complaint is dismissed for lack of jurisdiction. Defendant's motion to dismiss is denied as moot. The Clerk of Court is directed to enter judgment accordingly. No costs.

_____
ERIC G. BRUGGINK
Senior Judge